DANIEL J. BRODERICK, #89424
Federal Defender
TIMOTHY ZINDEL, Bar #158377
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
JOSEPH SCANIO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOSEPH SCANIO,<br><br>　　　　　Defendant.<br>_____ | No. 2:06-CR-0434 FCD<br><br>PETITION REQUESTING<br>DISCLOSURE OF PROBATION RECORDS;<br>**ORDER**<br><br>Judge: Hon. Frank C. Damrell |

　　　Pursuant to Local Rule 461 of the Eastern District of California, Mr. Scanio hereby requests that the Court order Probation to disclose its complete file concerning supervision of Mr. Scanio. This request extends to the complete written file and to records (such as emails or chronos) that are stored only in electronic form (text messages, email, or any other electronic memorandum or note) but have not been printed or added to the file. Mr. Scanio asks that these materials be disclosed to him by noon on Monday, August 24, 2011, so that he may use them to prepare for the evidentiary hearing scheduled to take place two days later.

Local Rule 461 authorizes the Court to order the release of otherwise-confidential probation records upon a showing by any party of "the need for specific records." The need for records in this case is to demonstrate the following: (1) Mr. Scanio has endeavored to comply with conditions of supervision as they have been explained to him; (2) some of the allegations made against Mr. Scanio are baseless; and (3) the probation officer has acquiesced in Mr. Scanio's attendance at events involving his own daughter. Mr. Scanio anticipates that the file also contains evidence of bias against Mr. Scanio in the witness whose complaints led to the filing of charges 7 and 8 of the petition.

Mr. Scanio is alleged to have violated supervision in various respects. In June, Judge Hollows dismissed three out of four charges brought in an earlier version of the petition for lack of probable cause and ordered Mr. Scanio released from custody. Two months later, Probation filed an eight-count petition, which is scheduled for hearing on August 26. Probation has provided the parties those portions of its file that it believes *support* the charges, but it cannot provide access to the remainder of the file without a court order. Consequently, Mr. Scanio has no access to portions of the file that will show he did not violate supervision, nor does he have access to those portions of the file that will help him demonstrate his effort to understand and comply with conditions of supervision.

The file contains materials that will help either to exculpate Mr. Scanio or to help him avoid revocation of supervised release for any count the Court may sustain. For example, charges one and two allege that Mr. Scanio used two computers without advance permission from the probation officer and claim that he was "found to be in possession" of these computers on May 11 and May 26, respectively. In an earlier

version of the petition, the probation officer attested under oath that she was "unaware of" the computer Mr. Scanio was using on May 11, which belonged to his wife.  However, at a hearing before Judge Hollows, the probation officer admitted she knew there were other computers in the home, including the computer that belonged to Mr. Scanio's wife.  The computer charged in the other count was actually examined by a federal probation officer during a home visit in 2010, a fact not disclosed either in the petition or in discovery provided to the parties.  Also, probation has not provided the parties with reports of forensic testing confirming that nothing sinister was found on any of these computers - materials that the government itself would routinely provide to the defense under *Brady v. Maryland*, 373 U.S. 83 (1963).

Beginning in late 2009, the probation officer had numerous conversations with Jennifer Scanio, Mr. Scanio's wife, relating to interpretation and enforcement of Mr. Scanio's conditions.  For example, in an email sent in January 2010, Mrs. Scanio specifically asked the probation officer to clarify special condition number five, relating to "contact with children."

> As you might imagine, this presents a lot of questions and challenges for us.  We have a niece who is 12 and a nephew who is 6, all of [our daughter's] friends are under the age of 18?  What are we supposed to do since there very well may be indirect contact sometimes daily? . . . . Will Joe be able to assist me with our daughter in dropping her off at school, picking her up, taking her dance [*sic*] or to her midweek Bible study at church?  Can he join me and the rest of the family at her dance recitals, soccer games, basketball games, family nights at church? . . . .  This is a huge area of concern for me since we have an eight year old and the impact on our life as a family, not to mention the direct impact on our daughter, could be enormous.  Any specific direction would be appreciated.

Neither this email nor the probation officer's response to it have been provided to the parties.  Probation has given us only evidence it

Pet. Requesting Disclosure
of Probation Records                    -3-

believes *supports* the violations and has not disclosed anything that would *undermine* the violations - including its response to this inquiry.

The petition now charges Mr. Scanio with violating condition 5 by attending a birthday party where children were present. The evidence supporting this charge consists of a photograph showing a group of persons - adults and children - at a party for Mr. Scanios' daughter's skating coach. Mr. Scanio is present with his wife, his daughter, other skaters, and other team parents. At the hearing in June, the probation officer admitted that Mr. Scanio has reported to her in a *daily* journal (sent to her with his monthly reports) that he has attended skating and other events with his wife and child "several times a month" during "the whole time he's been released," but that she had never told him he could not do so. "We did not have that discussion," she said. At the very least, the file will contain the daily reports showing Mr. Scanio's self-reporting and will confirm that the probation officer approved this course of conduct by never questioning it during the 14 or 15 months it occurred and was reported.

Finally, charges seven and eight rest on claims made by a Lake Tahoe woman who was ordered restrained from harassing the Scanios after making libelous blog posts on the internet and engaging in other acts of harassment. The probation officer has spoken to this woman (and perhaps has interviewed her) but has not disclosed her statements to either party, although she has arranged for government counsel to interview the woman. Defense counsel specifically notified that probation officer about evidence showing this woman's bias (most of it directed at Mr. Scanio's wife), but probation has not disclosed that evidence to the government, nor has it revealed any other information concerning its contacts with this witness.

Pet. Requesting Disclosure
of Probation Records                -4-

The chief problem here is that federal probation officers have no legal training and therefore lack the awareness federal prosecutors have of the constitutional obligation to disclose exculpatory and mitigating evidence to the defendant along with inculpatory and aggravating evidence. There is no question that the file concerning Mr. Scanio contains the evidence noted above. Defense counsel must be allowed to examine that file in full in order to effectively represent Mr. Scanio at the hearing. Disclosing the evidence in advance will also prevent delays arising from requests under the Jencks Act (18 U.S.C. § 3500) and Fed. R. Crim. P. 26.2.

A proposed order is attached for the Court's convenience. Defense counsel notes he would be satisfied with an opportunity merely to examine the file and copy records as needed - there is no need to make copies of the entire file.

Respectfully submitted,

DANIEL J. BRODERICK
Federal Defender

Dated: August 17, 2011        /s/  T. Zindel
                              TIMOTHY ZINDEL
                              Assistant Federal Defender
                              Attorney for JOSEPH SCANIO

**O R D E R**

The probation officer is hereby ordered to provide to defendant copies of its complete file (including information stored in an electronic format) prior to noon on Monday, August 24. The office may instead choose to provide access to the entire file as noted above, with an opportunity to copy documents defendant may wish to use at the hearing.

IT IS SO ORDERED.

Dated: August 18, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE